UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT
INDIANAPOLIS

2004 OCT 28 PM 3:56

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| FRANCISCO MARIN, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| PEARSON EDUCATION, ) | |
| DISTRIBUTION SERVICES ) | 1:04-cv-1780-DFH-WTL |
| ) | |
| Defendant. ) | |

## Complaint and Demand for Jury Trial

### I. Nature of the Case.

1. Francisco Marin, Jr. ("Marin") brings this action against his former employer, Defendant Pearson Education Distribution Services ("Defendant") for unlawful discrimination in employment based on his national origin, Hispanic which violates Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, as amended, 42 U.S.C. §1981a. In support of his claims, Marin alleges and states as follows:

### II. Parties.

2. Marin, at all relevant times, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation which maintains facilities and conducts business within the Southern District of Indiana.

### III. Jurisdiction and Venue.

4. This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended, and therefore this Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3).

5. At all times relevant to this action, Marin was an "employee" as defined by Title VII, 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

7. Marin satisfied his obligation to exhaust administrative remedies by timely filing a charge of discrimination (Charge No. 240-2004-05745) with the Equal Employment Opportunity Commission alleging discrimination on the basis of national origin. Marin, having received the appropriate Dismissal and Notice of Rights timely files this Complaint within 90 days of his receipt thereof.

8. Acts giving rise to this dispute having occurred within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court pursuant to 28 U.S.C. §1391.

### IV. Factual & Legal Allegations.

9. Marin is a Hispanic individual.

10. Marin was hired by Defendant in or about July 1998.

11. Marin's work performance met Defendant's legitimate expectations at all times.

12. At all times relevant to this action, Marin was employed by Defendant as a Safety Coordinator.

13. In or about October 2003, Marin was informed by Sherry Reece ("Reece"), Human Resources Manager for Defendant, that he was being investigated for allegations that he had received money from individuals who were illegal aliens seeking to obtain temporary employment.

14. Marin adamantly denied these allegations and demanded information concerning the basis of Reece's and Defendant's allegations. No such information was ever provided to Marin.

15. On or about February 15, 2004, Marin again requested information pertaining to the

allegations, and again received no information.

16. On or about February 18, 2004, a representative of Defendant informed Marin that his employment was terminated.

17. Defendant had no reasonable basis to make the decision to terminate Marin. The stated reason for Marin's termination is a pretext for unlawful discrimination on the basis of national origin in violation of Title VII.

18. Similarly situated non-Hispanic employees have not been subjected to similar treatment under similar circumstances.

19. Defendant subjected Marin to terms and conditions of employment that were less favorable than similarly situated non-Hispanic employees. Accordingly, Defendant violated Title VII, 42 U.S.C. §2000e *et. seq.*, as amended

20. Defendant ultimately terminated Marin's employment because of his national origin, Hispanic. Accordingly, Defendant violated Title VII, 42 U.S.C. §2000e *et. seq.*, as amended.

21. Defendant's actions were intentional and it acted with reckless indifference to Marin's civil rights.

### V. **Relief**

**WHEREFORE,** Plaintiff, Francisco Marin, Jr., by counsel, respectfully requests that the Court find for Plaintiff and for the following relief:

1) Order Defendant to reinstate Marin to his former position with all commensurate pay and benefits or front pay in lieu thereof;

2. Order Defendant to pay Marin lost wages and benefits incurred as a result of a violation of his civil rights;

2) Order Defendant to pay to Marin compensatory and punitive damages;

3) Order pre- and post-judgment interest on all sums recoverable;

4) Order Defendant to pay Marin's reasonable attorney fees and costs incurred in litigating this action; and

5) Order all other relief that this Court deems to be just and proper under the circumstances.

Respectfully submitted,

*/s/ John H. Haskin*
John H. Haskin (#7576-49)

*/s/ Koryn M. Markham*
Koryn M. Markham (#25008-49)

HASKIN LAUTER & LARUE
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhhaskin@hlllaw.com
kmarkham@hlllaw.com

Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Francisco Marin, Jr., by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Koryn M. Markham*
Koryn M. Markham (#25008-49)

John H. Haskin (#7576-49)
HASKIN LAUTER & LARUE
255 N. Alabama Street
Indianapolis, Indiana 46204
(317) 955-9500

Attorneys for Plaintiff